**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fabio JARAMILLO–SUAREZ,
Defendant–Appellant.**

No. 87–5110.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1988.

Decided Sept. 28, 1988.

Donald M. Re, Los Angeles, Cal., for defendant-appellant.

Jeffrey C. Eglash, Asst. U.S. Atty., Criminal Div., Los Angeles, Cal., for plaintiff-appellee.

Before HUG, POOLE and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Fabio Jaramillo–Suarez ("Suarez") appeals his conviction, entered upon a plea of guilty, to a charge of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Suarez contends the district court committed reversible error by failing to advise him, prior to accepting his guilty plea, of the maximum sentence he faced. *See* Fed.R.Crim.P. 11(c)(1). We have jurisdiction under 28 U.S.C. § 1291 and we reverse.

### BACKGROUND

Suarez was indicted on charges of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846 (Count I), possession with intent to distribute and distribution of cocaine, 21 U.S.C. § 841(a)(1) (Count

II) and unlawful use of a communication facility in furtherance of narcotics trafficking activity, 21 U.S.C. § 843(b) (Count III). After initially pleading not guilty, Suarez withdrew his not guilty plea and entered a plea of guilty to Count I of the indictment.

Prior to accepting the guilty plea, the district court asked Suarez if he had discussed the case with his attorney and whether he had been advised of the nature of the charges against him, his constitutional rights, and any possible defenses. The court further asked Suarez if he was satisfied with his attorney's representation, whether the plea was being made voluntarily and without promises of any kind, and whether Suarez understood the possible adverse effects his guilty plea could have on his residency status in the United States. No mention was made of the maximum possible penalty that Suarez faced upon pleading guilty.

Approximately two months later at Suarez's sentencing hearing, his counsel stated that Suarez's case had initially been prosecuted in state court, and that the maximum sentence Suarez faced on the state charges was fifteen years. (The maximum sentence Suarez faced on the federal charge to which he pleaded guilty was twenty years.) Suarez's counsel asked that the court not impose a sentence of more than "eight or nine years." The court sentenced Suarez to a term of fifteen years.

## ANALYSIS

Suarez contends his conviction is invalid as a matter of law. We therefore review the district court's judgment de novo. *United States v. Whitney*, 785 F.2d 824, 825 (9th Cir.), *as amended*, 838 F.2d 404 (1986).

■ Fed.R.Crim.P. 11(c)(1) requires the district court, before accepting a plea of guilty, to personally address the defendant in open court and inform him of, and determine that he understands, "the maximum possible penalty provided by law...." The government concedes that the district court failed to comply with the literal terms of Rule 11(c)(1) by failing to inform Suarez of the maximum sentence that could be imposed.[1] The government contends, however, that the district court's omission was harmless error.

Subdivision (h) of Rule 11, entitled "Harmless Error," provides: "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." The issues we are presented are (1) whether the district court's omission was a variance from Rule 11's strictures which should be disregarded as harmless error; and if not, (2) whether we should remand for a hearing to inquire into just what Suarez knew about the maximum sentence he faced when he entered his plea. In considering these questions, we find it helpful to review some of the cases that have interpreted Rule 11 both before and after the addition of subdivision (h) in 1983.

The Federal Rules of Criminal Procedure were formally adopted in 1946. At that time, Rule 11 was substantially a restatement of then existing law and practice. *See* Fed.R.Crim.P. 11 Advisory Committee's note 1. The rule placed a duty on the court to ascertain that a defendant's guilty plea was made voluntarily and with an understanding of the nature of the charge. *See id.; see also Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927); *Fogus v. United States*, 34 F.2d 97, 98 (4th Cir.1929).

In *Munich v. United States*, 337 F.2d 356 (9th Cir.1964), we held that when the district court failed to comply with the requirements of Rule 11, if the plea was in fact made voluntarily and with an under-

---

1. There is no question that the district court's failure to inform Suarez in open court of the maximum possible sentence, and determine that Suarez understood it, was simply an oversight. The hearing at which Suarez entered his guilty plea was one in which his three co-defendants also participated and entered similar pleas. The reporter's transcript of these proceedings consumes thirty pages. From our reading of this transcript, as well as the transcript of Suarez's subsequent sentencing hearing, it is obvious that the district judge carefully and painstakingly questioned each of the defendants and their respective counsel to determine the voluntariness of the defendants' pleas and to assure that their constitutional rights were protected.

standing of the nature of the charge, the error was harmless and the plea would stand. *Munich,* 337 F.2d at 360. *See also Long v. United States,* 290 F.2d 606, 607 (9th Cir.1961). We stated in *Munich* that Rule 11 was mandatory and that a district court had to take whatever steps it deemed necessary to satisfy itself that the defendant understood "(1) the meaning of the charge, (2) what acts are necessary to establish guilt, and (3) the consequences of pleading guilty to the charge." *Munich,* 337 F.2d at 359. However, so long as it appeared that there existed a substantial basis in fact that the defendant understood these questions, the court was not required to follow any particular ritual, personally explain the nature of the charge (so long as the defendant's attorney had explained to him the charge and possible penalties), or enter a formal finding or recitation that the plea was voluntarily and intelligently made. *Id.* at 359–60. Moreover, we held that the determination whether the plea was voluntarily and intelligently entered could be made in a subsequent proceeding brought under 28 U.S.C. § 2255. *Id.* at 360.

One year after *Munich,* we decided *Heiden v. United States,* 353 F.2d 53 (9th Cir.1965). In *Heiden,* as in *Munich,* a prisoner challenged the legality of his conviction under 28 U.S.C. § 2255. We expressly overruled both *Long* and *Munich* to the extent that those cases permitted a court to ascertain at a subsequent hearing whether a defendant had voluntarily and intelligently entered a guilty plea. *Id.* 353 F.2d at 55. *Heiden* required the district court to make the required ascertainment of understanding on the record at the time of the arraignment. *Id.* The purpose of this rule was to avoid uncertainty and prejudice to the defendant which is more likely to occur as time passes between arraignment and a

subsequent determination of what the defendant actually did or did not know at the time he pleaded. In *Heiden* we directed the district court to vacate the defendant's conviction and afford him an opportunity to plead anew. *Id.*

Our holding in *Heiden* was bolstered when, in 1969, the Supreme Court decided *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In *McCarthy,* the Court held that any noncompliance with Rule 11 is reversible error: "A defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." *Id.* at 463–64, 89 S.Ct. at 1169. The Court concluded that

> prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the rule's procedural safeguards, which are designed to facilitate a more accurate determination of the voluntariness of his plea. Our holding [is] that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew....

*Id.* at 471–72, 89 S.Ct. at 1173–74; *see also United States v. Del Prete,* 567 F.2d 928, 929 (9th Cir.1978) (disclosure of each of the Rule 11 factors is mandatory).

The *McCarthy* per se rule was decided in the context of a direct appeal from the defendant's conviction. By contrast, where the district court's compliance with Rule 11 is challenged in the context of a collateral attack pursuant to 28 U.S.C. § 2255, the Court has held that a technical violation of the rule will not support section 2255 collateral relief in the absence of a showing of constitutional error or special prejudice. *See United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).[2]

---

2. *The present case is here on direct appeal. In such a case, the requirements of Rule 11 must be complied with, but technical violations of the rule will not automatically require reversal. Fed.R.Crim.P. 11(h). Nevertheless, "it is fair to say that the kinds of Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited...." Fed.*

R.Crim.P. 11(h) Advisory Committee's note (1983 amendment).

The burden of setting aside a guilty plea based upon a Rule 11 violation appears to be greater in a collateral proceeding than on direct appeal from a judgment of conviction. *See, e.g., Arias v. United States,* 484 F.2d 577, 579 (7th Cir. 1973), *cert. denied,* 418 U.S. 905, 94 S.Ct. 3195,

The difference between challenges by direct appeal as exemplified by *McCarthy,* and collateral attack as set forth in *Timmreck,* was narrowed when subdivision (h) was added to Rule 11 in 1983. As the Advisory Committee notes to Rule 11(h) point out, the *McCarthy* per se rule was no longer justified following the extensive amendments to Rule 11 which took place in 1975. When *McCarthy* was decided in 1969, Rule 11 was much shorter and simpler than the present version.[3] It only consisted of four sentences, and "the chances of a minor, insignificant and inadvertent deviation were slight." Fed.R. Crim.P. 11(h) Advisory Committee's note to the 1983 amendment. This is no longer the case. "[T]he chances of a truly harmless error ... are much greater under present Rule 11 than under the version before the Court in *McCarthy.*" *Id.* In view of this, and in light of the much more elaborate procedures of present Rule 11, "[a] plea ... should not be overturned, even on direct appeal, when there has been a minor or technical violation of Rule 11 which amounts to harmless error." *Id.* This harmless error concept is embodied in subdivision (h).

Subdivision (h), however, may not be applied to nullify or dilute important Rule 11 safeguards. As the Advisory Committee notes to Rule 11(h) make clear, "subdivision (h) makes no change in the responsibilities of the judge at Rule 11 proceedings, but instead merely rejects the extreme sanction of automatic reversal." *Id.* Although subdivision (h) modified *McCarthy*'s rule of per se reversal, a district court judge must still engage in careful and thorough compliance with the rule's requirements, and violations which may be classified as "harmless error," on direct appeal are limited. *See id.*

In *United States v. Myers,* 451 F.2d 402 (9th Cir.1972), a case decided after *McCarthy,* we applied pre-*McCarthy* and pre-*Heiden* harmless error analysis on the basis that neither decision was retroactive. *Id.* at 405–06. We stated that, under Rule 11, the defendant need not be informed of "every conceivable consequence of his plea." *Id.* at 404. "Rule 11 is concerned only with those consequences of which it is objectively deemed that the defendant must be informed to enter a voluntary plea." *Id.* However, even applying this pre-*McCarthy* analysis, we stated that "any factor that necessarily affects the maximum term of

41 L.Ed.2d 1153 (1974) where, in dismissing a collateral attack on a plea conviction, the court stated: "[t]he district judge did not make as complete and unambiguous a record of 'the factual basis for the plea' as is contemplated by Rule 11. If this case were here on direct appeal from defendant's conviction, we might well conclude that these shortcomings constitute reversible error. See *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. On collateral attack under § 2255, however, petitioner must show that the error is constitutional or jurisdictional in character before he may obtain relief."

The "two principal procedures for collateral attack of a federal plea conviction" are set forth in 28 U.S.C. § 2255 and Fed.R.Crim.P. 32(d). Borman, *The Hidden Right to Direct Appeal from a Federal Conviction,* 64 Cornell L.Rev. 319, 327 (1979). A defendant alleging a Rule 11 violation in a section 2255 motion must establish that the violation amounted to constitutional or jurisdictional error, or that the error resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure. *United States v. Timmreck,* 441 U.S. at 783–84, 99 S.Ct. at 2087; *United States v. Grewal,* 825 F.2d 220, 222 (9th Cir.1987). The

defendant must also establish that he was actually unaware of the consequences of his plea, and that if he had been properly advised he would not have pleaded guilty. *Timmreck,* 441 U.S. at 784, 99 S.Ct. at 2087; *Grewal,* 825 F.2d at 222.

Under the 1983 amendments to Rule 32(d), a defendant who seeks post-sentence withdrawal of a plea must proceed under section 2255.

3. Fed.R.Crim.P. 11, as it appeared following the 1966 amendment to the rule, read:

A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

imprisonment is a consequence of the plea within the meaning of Rule 11." *Id.* This observation is no less appropriate today. *See United States v. Sharon,* 812 F.2d 1233, 1234 (9th Cir.1987) (failure to advise defendant of special parole term not harmless error).

The Advisory Committee suggests that harmless error might be found "[w]here the judge's compliance with subdivision (c)(1) was not absolutely complete, in that some essential element of the crime was not mentioned, but the defendant's responses clearly indicate his awareness of that element." *Id.* Consistent with this reasoning, we held in *United States v. Kearney,* 750 F.2d 787 (9th Cir.1984), that the district court's failure to inform the defendant of the possibility of being sentenced as a second offender was merely a technical Rule 11 violation and thus harmless. In *Kearney,* it was clear from the record that, before the defendant pleaded guilty, he "had actual knowledge of the sentencing consequences of his guilty plea." *Id.* at 791. The district court judge who accepted the defendant's plea in *Kearney* stated, on the record, "I can tell you right now that I'll view [Kearney] as a second offender" for purposes of sentencing. *Id.* at 790. Kearney subsequently entered a plea of guilty. We held this to be sufficient compliance with Rule 11 because the record reflected that Kearney knew his prior conviction would be taken into consideration by the court at the time of sentencing.

The government argues that the present case is analogous to *Kearney* in that Suarez's silence at the sentencing hearing, upon hearing his counsel's reference to the state's fifteen-year maximum sentence, showed that he was aware of a fifteen-year maximum. According to the government, "[h]ad [Suarez] been genuinely unaware of the maximum possible sentence he faced, he most certainly would have indicated his ignorance upon hearing his attorney ask the court not to exceed the fifteen years [Suarez] was subject to in state court." Whether the government is correct in this assertion is beside the point. Rule 11 is designed to ensure that the defendant is

aware of the maximum penalty *before* he pleads guilty, not after. It does not appear from the record that Suarez knew the maximum sentence that could be imposed before he entered his plea. Nor does the record show that the district court judge inquired of Suarez whether he had read the presentence report which disclosed a maximum possible federal sentence of twenty years in prison and a $250,000 fine. *Cf. United States v. Grewal,* 825 F.2d at 222 (defendant presumed to have knowledge of possibility of restitutionary order where record demonstrates he read, and discussed with his attorney, presentence report which disclosed possibility of restitution).

Another form of harmless error suggested by the Advisory Committee is "where the judge's compliance with subdivision (c)(2) [sic] was erroneous in part in that the judge understated the maximum penalty somewhat, but the penalty actually imposed did not exceed that indicated in the warnings." Fed.R.Crim.P. 11(h) Advisory Committee's notes (1983 amendment). This is not the situation in the present case. The district judge did not understate the maximum penalty; rather, she omitted mention of *any* maximum penalty, correct or otherwise. Suarez's counsel's reference to the fifteen-year maximum state sentence at Suarez's post-plea sentencing hearing cannot substitute for a warning omitted by the judge at the time Suarez entered his plea.

█ The government urges us to remand to the district court for a hearing to determine, *dehors* the record, whether Suarez was actually aware of the maximum possible sentence. We will not do this. One of the purposes of Rule 11 is "to produce a complete record at the time the plea is entered [in order] to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." *McCarthy,* 394 U.S. at 465, 89 S.Ct. at 1170. We have held that "[t]he dictates of Rule 11 and the federal policy of fair and efficient judicial administration require that the reviewing court look solely to the record of the plea pro-

ceeding." *United States v. Kamer*, 781 F.2d 1380, 1383 (9th Cir.), *cert. denied*, 479 U.S. 819, 107 S.Ct. 80, 93 L.Ed.2d 35 (1986). Suarez is entitled to plead anew. *McCarthy*, 394 U.S. at 463, 89 S.Ct. at 1169; *United States v. Sharon*, 812 F.2d 1233, 1234 (9th Cir.1987).

REVERSED and REMANDED with directions to vacate the judgment of conviction, the sentence and the plea of guilty upon which the conviction is based, and to afford Suarez the opportunity to enter a new plea.