892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kim WALKER, aka Leon Jackson, Jake Stokes, Lee Scoggins,
Carol Jones, Defendant-Appellant.
 No. 88-5392.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1989.
Decided Jan. 3, 1990.
 
 Before GOODWIN, SCHROEDER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kim Walker appeals from the denial of his motion to withdraw his guilty plea and from his subsequent sentence for aiding and abetting with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2. He argues on appeal that the district court should have permitted withdrawal of the plea either in its discretion or on the basis of errors which occurred during the course of the district court's acceptance of the guilty plea pursuant to Fed.R.Crim.P. 11. Walker also argues that the court abused its discretion in denying his motion for a continuance. Finally, Walker argues on appeal that the imposition of a $25,000 fine pursuant to 18 U.S.C. § 3572 was plain error.
 
 
 3
 A criminal defendant is not entitled as a matter of right to wait two or three months after a guilty plea and then ask to go to trial. A court's grant or denial of such a request is an exercise of its discretion. United States v. Signori, 844 F.2d 635, 637 (9th Cir.1988).
 
 
 4
 The district court's refusal to permit Walker to withdraw the plea two months after the plea was submitted in this case was not an abuse of that discretion. The minor irregularities that appear in the record of the sentencing hearing lack substance and may be disregarded pursuant to Fed.R.Crim.P. 11(h). The record reflects that the district court fully advised the defendant of the consequences of his plea and that he understood their content. See United States v. Jaramillo-Suarez, 857 F.2d 1368 (9th Cir.1988).
 
 
 5
 There was also no abuse of discretion in the denial of Walker's motion for a continuance to change attorneys. Walker delayed his motion for substitution almost five months until the very day of his sentencing. See Morris v. Slappy, 461 U.S. 1, 11-12 (1983). Moreover, the defendant's complaints concerning the conduct of his lawyer lack any basis in the record.
 
 
 6
 Walker contends the $25,000 fine was plain error because the district court failed to consider his financial status, a factor to be considered under 18 U.S.C. § 3572. The court had before it in the presentence report information concerning the defendant's activities and possessions. The record reflects that the defendant was asked to complete a financial statement in order more fully to advise the court of his financial status, but that he refused to do so. There was no plain error.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3