959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alphonso SOTELO-CONTRERAS, Defendant-Appellant.
 No. 91-10164.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alphonso Sotelo-Contreras ("Contreras") appeals his conviction following a guilty plea for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). Contreras contends that he did not voluntarily and knowingly enter his guilty plea because the district court failed to explain the nature of the charge to him. He also claims that he misunderstood the plea agreement. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the voluntariness of a guilty plea. United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990), cert. denied, --- S.Ct. ---- (U.S. Mar. 23, 1992). Fed.R.Crim.P. 11(c) requires that the district court "address the defendant personally in open court" before accepting a plea of guilty. The district court must inform the defendant of "the nature of the charge to which the plea is offered...." Fed.R.Crim.P. 11(c)(1); see United States v. Jaramillo-Suarez, 857 F.2d 1368, 1372 (9th Cir.1988).
 
 
 4
 A defendant's guilty plea may be valid even if the district court fails to follow Rule 11, so long as the variance amounts to harmless error. Fed.R.Crim.P. 11(h); United States v. Kearney, 750 F.2d 787, 790 (9th Cir.1984). "Our analysis of harmless error under Rule 11 has generally turned on whether the defendant knew before pleading guilty that he could be sentenced to a term as long as the one he eventually received." United States v. Sanclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1988).
 
 
 5
 Here, Contreras argues that the district court failed to explain the elements of the offenses to which he was pleading guilty. He also contends that he misapprehended the effect of his guilty plea. These arguments lack merit.
 
 
 6
 Before agreeing to plead guilty, Contreras heard the testimony of three government witnesses concerning the drug transactions on March 14, 1990 and March 28, 1990. He discussed the plea offer with his attorney and expressed the belief that the ten-year stipulated sentence seemed excessive. Nevertheless, Contreras agreed to plead guilty to Counts One and Two of the indictment, which involved the drug transactions on March 14, 1990 and March 28, 1990.
 
 
 7
 Prior to accepting the guilty plea, the district court asked Contreras whether he had any questions in connection with the counts to which he was pleading guilty, and Contreras answered negatively. The district court then stated the terms of the plea agreement, including the term of imprisonment and supervised release. Contreras expressed his understanding of these terms. To ensure that Contreras understood the charges, the district court ran through the factual circumstances of the March 14, 1990 and March 28, 1990 drug transactions, and Contreras indicated that these facts were correct. The district court's questions were based on the elements of the charged offenses.
 
 
 8
 Although the district court did not recite the elements of the charges in Counts One and Two,[1] it is clear that Contreras understood the charges to which he was pleading, and that he knew the consequences of his plea. See Navarro-Botello, 912 F.2d at 321. On this record, we are satisfied that Contreras' guilty plea was knowingly and voluntarily made. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Advisory Committee Notes suggest that "[i]n some cases, a judge may [make clear the nature of the charge] by reading the indictment and by explaining the elements of the offense to the defendants." Fed.R.Crim.P. 11 advisory committee note (1974 Amendment). Nevertheless, this language is not mandatory and the district court does not necessarily violate Rule 11 by failing to read and explain the indictment charges. See United States v. Newman, 912 F.2d 1119, 1124 (9th Cir.1990)