992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Don BOGARD, Jr., T/N Larry Donnell Bogard, Defendant-Appellant.
 No. 92-50215.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 5, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Donnell Bogard appeals his conviction, following a guilty plea, for distribution of phencyclidine, a violation of 21 U.S.C. § 841(a)(1). Bogard contends that the district court violated Fed.R.Crim.P. 11 by failing to advise him of the constitutional rights he was waiving by pleading guilty, failing to establish a sufficient factual basis for his guilty plea, and failing to advise him of the nature of the charge to which he pleaded guilty. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand to allow Bogard an opportunity to replead.
 
 
 3
 Bogard contends that his conviction is invalid as a matter of law. Accordingly, we review the district court's judgment de novo. United States v. Graibe, 946 F.2d 1428, 1431 (9th Cir.1991); United States v. Jaramillo-Suarez, 857 F.2d 1368, 1369 (9th Cir.1988).[1]
 
 
 4
 FedR.Crim.P. 11(c) requires the district court, before accepting a guilty plea, to address the defendant personally in open court and determine that the defendant understands his right "to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination." Fed.R.Crim.P. 11(c)(3).
 
 
 5
 Fed.R.Crim.P. 11(h) provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." This clause requires reviewing courts to uphold guilty pleas when there has been only a minor or technical violation of Rule 11. Graibe, 946 F.2d at 1433; Jaramillo-Suarez, 857 F.2d at 1371. However, " 'violations which may be classified as "harmless error" on direct appeal are limited' ". Graibe, 946 F.2d at 1433 (quoting Jaramillo-Suarez, 857 F.2d at 1371). "Subdivision (h) ... may not be applied to nullify or dilute important Rule 11 safeguards." Jaramillo-Suarez, 857 F.2d at 1371. An error may be classified as harmless only when it appears that the violation of Rule 11 could not have had any impact on the defendant's decision to plead guilty, or the fairness in holding him to that plea. United States v. Sanclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1988).
 
 
 6
 Here, the district court relied on a written plea agreement to advise Bogard of the rights he waived by pleading guilty.[2] The district court did not discuss these rights with Bogard at the plea hearing, other than to ascertain that Bogard had read the plea agreement, and to determine that Bogard understood that by pleading guilty, he was waiving his right to appeal a motion earlier denied by the court. In addition, the Court asked Bogard if he understood that he was waiving "each of [his] constitutional rights" by pleading guilty, without expounding further on the specific rights waived. Bogard responded affirmatively.
 
 
 7
 The United States concedes that this procedure did not comply with Rule 11, but urges this Court to find that the error was harmless. We decline to do so.
 
 
 8
 The rights delineated in Fed.R.Crim.P. 11(c)(3) and (4) are substantial constitutional rights. See McCarthy v. United States, 394 U.S. 459, 466 (1969) (privilege against self-incrimination, right to trial by jury, and right to confront accusers are constitutional rights, which can be validly waived only by a knowing, intentional relinquishment). We cannot say that the district court's failure to question Bogard about these rights is a minor or technical violation only. Cf. Graibe, 946 F.2d at 1433 (district court's failure to warn defendant that he would not have the right to withdraw his plea if the court rejected the government's sentencing recommendation is neither minor nor technical).
 
 
 9
 The error might be harmless, however, if the record showed that Bogard actually knew and understood the constitutional rights he was waiving by pleading guilty. See id.; Sanclemente-Bejarano, 861 F.2d at 210. Although Bogard's attorney stated that he had gone over the plea agreement with Bogard and that Bogard was familiar with the agreement, including the waivers of constitutional rights, the district court did not question Bogard about those rights. Aside from Bogard's statement that he read the plea agreement, there is no evidence in the record that he understood the specific rights he was giving up by pleading guilty. Under these circumstances, we cannot find the district court's error harmless. Cf. Jaramillo-Suarez, 857 F.2d at 1372 (defendant's attorney's reference to maximum sentence at plea hearing does not render harmless district court's failure to advise defendant of the maximum sentence). Accordingly, Bogard must be provided an opportunity to plead anew. Id. at 1373.[3]
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The respondents argue that Bogard has failed to preserve this issue for appeal because he did not object to the procedure in the district court. However, because the district court must always determine the adequacy of the Rule 11 procedure regardless of whether the defendant has raised a formal objection, a Rule 11 violation may be raised for the first time on direct appeal. See United States v. Parra-Ibanez, 936 F.2d 588, 593 (1st Cir.1991); United States v. Young, 927 F.2d 1060, 1061 (8th Cir.1991); United States v. Van Buren, 804 F.2d 888, 890-91 (6th Cir.1986); cf. McCarthy v. United States, 394 U.S. 459, 462-63 (1969) (defendant raised Rule 11 violation for the first time on appeal)
 
 
 [2]
 The district court had the following exchange with the prosecutor:
 THE COURT: And ... is it your view that if the defendant is asked whether he has read the report or agreement, and if he has had it explained to him through his attorney and by his attorney, and if he says yes and he says he understands it, that takes care of the advisement of constitutional rights and factual basis?
 PROSECUTOR: Yes. If the Court wishes to proceed that way, that is fine.
 
 
 [3]
 Because we have determined that the district court's failure to advise Bogard of his constitutional rights requires that he be allowed to replead, we do not address Bogard's other contentions that the use of the written plea agreement to establish a factual basis for his plea and to explain the nature of the charges against him violated Rule 11