23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Ronald J. HATCHETT, Jr., Defendant-Appellant.
 No. 92-5596.
 United States Court of Appeals,
Fourth Circuit
 Argued May 10, 1993.
Decided May 17, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Richard B. Kellam, Senior District Judge. (CR-92-5-NN)
 Oldric J. Labell, Jr., Newport News, VA, for appellant.
 Richard Cullen, U.S. Atty., Priscilla M. Lewis, Sp. Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ronald J. Hatchett, Jr., entered a guilty plea to conspiracy to distribute more than 100 kilograms of marijuana, 21 U.S.C. Sec. 846 (West Supp.1992), and was sentenced as a career offender to a term of 360 months imprisonment. He appeals his conviction and sentence. We affirm.
 
 
 2
 Hatchett conspired with Eugene Clay and Donald Brandon to bring large quantities of marijuana into Virginia for sale, where other associates participated in processing and selling it. The conspiracy was exposed on September 20, 1991, when Clay and Carson Williams sold forty pounds of marijuana to undercover agents.
 
 
 3
 First, Hatchett contends that his guilty plea is invalid because the district court did not inform him during the plea hearing that enhanced penalties would apply. The district court is required by Rule 11(c)(1), Federal Rule of Criminal Procedure, to inform the defendant of any mandatory minimum penalty and the maximum possible penalty under the statute. The district court informed Hatchett that he could be sentenced to not less than five years and not more than forty years, which is the mandatory minimum and maximum for a defendant who has no prior drug convictions. Hatchett had three prior drug convictions, and was ultimately sentenced as a career offender. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1991).
 
 
 4
 As noted, Rule 11(c)(1) requires that the court inform a defendant of the range of punishment he or she faces. However, the court does not have an absolute responsibility to inform the defendant that he will be sentenced as a repeat offender. United States v. Jaramillo-Suarez, 857 F.2d 1368 (9th Cir.1988); see also Oyler v. Boles, 368 U.S. 448 (1962) (determination that defendant is habitual defender may be made in separate proceeding). Hatchett's sentence resulted from his status as a career offender under the sentencing guidelines, not from the statutory enhancement provisions. The district court was not required to inform him of what the applicable guideline range would be before accepting his guilty plea. United States v. DeFusco, 949 F.2d 114 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Therefore, Hatchett's claim is meritless.
 
 
 5
 When debriefed after his arrest and in his interview with the probation officer, Hatchett denied that he was involved with procuring the marijuana which was sold to the agents on September 20, 1991. At the sentencing hearing, the government presented evidence that Hatchett was involved. On this record, the district court's determination that Hatchett had not affirmatively shown that he accepted responsibility for all his criminal conduct was not clearly erroneous. United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 498 U.S. 846 (1990). Hatchett also contends that the district court erred in not making findings concerning his role in the offense. However, Hatchett's role in the offense was not a disputed issue at sentencing and the district court did not err in failing to address it.
 
 
 6
 Finally, Hatchett argues that his sentence is invalid because Sec. 846 and 21 U.S.C.A. Sec. 841 (West Supp.1992) are unconstitutional in that the amount of drugs involved is actually an element of the offense and must be proved beyond a reasonable doubt. This issue was not raised in the district court, and we review it only for plain error. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). We have previously held that the quantity of drug is not an element of the offense under Sec. 841, United States v. Powell, 886 F.2d 81 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990), and that a preponderance of the evidence standard of proof does not violate due process. United States v. Engleman, 916 F.2d 182 (4th Cir.1990). In any case, Hatchett pleaded guilty to conspiring to distribute a particular amount of marijuana--over 100 kilograms. His guilty plea provided proof of guilt beyond a reasonable doubt.
 
 
 7
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED