70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paris MAXWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Henry LEE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sabrina LEE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenzo McCRAY, Defendant-Appellant.
 Nos. 94-10318, 94-10433, 94-10439 and 94-10454.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 27, 1995.*
Decided Nov. 6, 1995.
 
 1
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendants Sabrina Lee, William Lee, and Lorenzo McCray appeal their convictions for conspiracy and possession of cocaine. Defendant Paris Maxwell pleaded guilty but challenges the voluntariness of his plea and the district court's imposition of sentence. A fifth defendant, Steve Martin, pleaded guilty and testified against the other defendants at trial.
 
 
 4
 William Lee and McCray contend there was insufficient evidence to support their convictions. Sabrina Lee and McCray argue that they should be granted a new trial based on newly discovered evidence that Martin falsely testified at trial. Sabrina Lee also alleges a Jencks violation; McCray contends that his trial counsel was ineffective for not requesting a specific jury instruction; and William Lee challenges the district court's sentencing. We reject all defendants' contentions on appeal, and we affirm.
 
 1. Sufficient Evidence
 A. McCray
 
 5
 McCray challenges the sufficiency of evidence supporting his conviction for possession with intent to distribute and his conviction for conspiracy. To prove possession with intent to distribute, the government must show that the defendant knew cocaine was present where he was and that he was capable of exercising dominion and control over it. United States v. Enriquez-Estrada, 999 F.2d 1355, 1358 (9th Cir.1993). To prove conspiracy, the government must show an agreement to accomplish an illegal objective and the requisite intent necessary to commit the underlying substantive offense. United States v. Mesa-Farias, 53 F.3d 258, 260 (9th Cir.1995).
 
 
 6
 The evidence indicates that McCray admitted to the arresting agents that he knew a drug deal was going to occur on July 1 when he left the market with William Lee. He drove William Lee to the site of the exchange and handled the money during the transaction. He drove the getaway car in an effort to avoid being arrested. These actions were sufficient for the jury to infer that McCray voluntarily participated in the conspiracy to distribute cocaine. See United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.) (knowledge that drug transaction was planned), cert. denied, 493 U.S. 863 (1989); United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992) (possession of drug money); United States v. Chambers, 918 F.2d 1455, 1458 (9th Cir.1990) (flight). Similarly, because McCray knew that a drug deal would occur, was present in the car when the exchange took place, was seen holding the money, and fled from the arresting officers, the evidence is sufficient to support his conviction for possession. See, e.g., Chambers, 918 F.2d at 1457-58 (finding sufficient evidence of possession when defendant engaged in lengthy, high-speed chase from officers).
 
 B. William Lee
 
 7
 William Lee failed to move for a judgment of acquittal on the conspiracy count; our review therefore is limited to plain error. See Hernandez, 876 F.2d at 777. Lee contends that there was no direct evidence of an agreement between the participants. Direct evidence, however, is not required. Rather, "[a]n implicit agreement may be inferred from the facts and circumstances of the case." Id.
 
 
 8
 The evidence established that William Lee arranged, negotiated, and was present during two cocaine transactions. His house contained cocaine, cash, and items such as scales, pagers, and baggies. See Martinez, 967 F.2d at 1345-46 (packaging equipment, scales, pager, and large quantity of drugs supported finding of intent to distribute). The jury could infer from the agent's description of the transactions that William Lee directed Martin to retrieve the cocaine from a black bag during the first transaction and trusted McCray to hold the money during the second transaction. Because William Lee worked with others during the two transactions, the jury could reasonably infer that the participants had an agreement. Hernandez, 876 F.2d at 778 (circumstantial evidence showed agreement existed because defendant coordinated the actions of codefendants). Moreover, Martin testified that William Lee employed McCray, Maxwell, and Martin in his cocaine manufacturing and distribution business. We conclude that no plain error occurred.
 
 2. New Trial
 
 9
 Sabrina Lee and McCray contend that the district court erred by denying their motions for a new trial based on newly discovered evidence that Martin falsely testified that he had not used drugs the day of the trial. The district court reasoned that although the evidence was newly discovered and the defense had diligently presented the evidence, the evidence was merely impeaching and would probably not have resulted in acquittals. We review for an abuse of discretion. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 10
 We agree with the district court that neither defendant is entitled to a new trial. First, there is a sound argument that Martin's testimony was not actually false. The drug test results were inconclusive. Martin may have testified truthfully that he did not take drugs that day and that he felt that he was not then under the influence of cocaine. The record shows no objection or contemporaneous challenge to Martin's competency to testify.
 
 
 11
 Even assuming, however, that Martin's testimony was false, we agree with the district court that the jury's knowledge of this fact would not have resulted in acquittal. Neither defendant now contends that this new evidence directly refutes any material testimony that Martin gave. Rather, the new evidence would have only affected Martin's credibility. Martin had already testified that he was a daily user of cocaine and that he has been involved in the drug transactions that gave rise to the prosecution.
 
 
 12
 Moreover, even without Martin's testimony, there is ample evidence to support the jury verdict against both McCray and Sabrina Lee. McCray admitted to agents that he knew he was involved in a drug deal, he was caught in the transaction handling the money, and he fled the scene to avoid arrest. Sabrina Lee lived in a home containing large amounts of money and cocaine, told arresting agents that she did not know what her husband did for a living, carried the phone number of the confidential informant in her purse, and had handled a container that was demonstrated to have cocaine residue. The jury was entitled to consider and reject her less than credible explanation that she was not involved in the unlawful activities. See United States v. Grayson, 597 F.2d 1225, 1229 (9th Cir.), cert. denied, 444 U.S. 873 & 875 (1979).
 
 3. Jencks Act
 
 13
 Sabrina Lee contends that she was prejudiced by the failure of the government to comply with the Jencks Act regarding Agent Perkins' report of an interview with Martin in which Martin described two occasions when Sabrina Lee sold cocaine. Martin testified about those two occasions, but on cross-examination he disclosed a third one and claimed that he had told Perkins about all three. The district court concluded that Sabrina Lee was not prejudiced. We review for an abuse of discretion. United States v. Simtob, 901 F.2d 799, 808 (9th Cir.1990).
 
 
 14
 The government argues that Perkins' report was not a statement within the meaning of the Jencks Act. We do not address this argument, because even assuming there was a violation, it was harmless. See id. at 808-09 (affirming conviction even though unclear whether a report of an interview constituted rough notes or Jencks Act statements because error was harmless). Martin described two drug sales by Sabrina Lee; the disclosure of a third sale, while perhaps embarrassing to defense counsel, did not affect the verdict and does not require reversal. See United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir.1991) ("Without any suggestion that the notes would have helped appellant overcome the hard evidence the district court used to convict him, we cannot reverse.")
 
 4. Ineffective Assistance of Counsel
 
 15
 McCray contends that he received ineffective assistance of counsel because his attorney failed to request a jury instruction that the existence of a buyer-seller relationship is not enough to convict a defendant of conspiracy. Although an ineffective assistance of counsel claim is ordinarily addressed in collateral proceedings, we may reach the issue when the record is sufficiently complete. See United States v. Mal, 942 F.2d 682, 689 (9th Cir.1991) (addressing on direct appeal defendant's claim that attorney rendered ineffective assistance by failing to object to a jury instruction).
 
 
 16
 McCray argues that the evidence supported a "buyer-seller" jury instruction because he testified that he had purchased cocaine from William Lee. McCray contends that without the instruction, he was deprived of a possible theory of defense and the jury might have acquitted him had they had the instruction. Even assuming that counsel should have requested the instruction, McCray has not established prejudice. Notwithstanding the fact that McCray may have purchased drugs from William Lee on occasion, the evidence was sufficient to show that he participated in the conspiracy and distribution of cocaine on July 1. Moreover, the district court instructed the jury that "a person does not become a member [of a conspiracy] merely by associations with one or more persons who are conspirators," which is a similar theory of defense. We reject McCray's claim of ineffective assistance of counsel.
 
 5. Sentencing
 
 17
 William Lee challenges the district court's adjustment of his sentence for reckless endangerment during flight and for possessing a dangerous weapon during a drug offense. We review the district court's factual findings for clear error. United States v. Campbell, 42 F.3d 1199, 1205 (9th Cir.1994) (reckless endangerment), cert. denied, 115 S.Ct. 1814 (1995); United States v. Kelso, 942 F.2d 680, 681 (9th Cir.1991) (dangerous weapon).
 
 
 18
 Lee contends that his action of throwing money out the car window during a high-speed chase did not constitute reckless endangerment. We disagree. An adjustment for reckless endangerment is appropriate "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. Sec. 3 C 1.2. Lee's act of throwing money from the car, amounting to $6,000 in one-hundred dollar bills, caused pedestrians and motorists to stop and collect the cash, thereby creating a traffic turmoil in a busy commercial district. This constitutes reckless endangerment.
 
 
 19
 The district court also applied a two-level adjustment after concluding that Lee possessed a dangerous weapon during a drug offense. Lee argues that it was clearly improbable that the gun was connected to the transactions. We reject his argument. Lee owned the house in which the gun was found. The evidence of hidden cash, drug items, and cocaine demonstrate that Lee conducted drug business at his house. The presentence report states that during a surveillance, an agent saw Lee store the black bag, which he used to store cocaine, in the garage near the location where the gun was later found. Although Lee was not carrying the gun at the time of his arrest, it is not clearly improbable that the gun was connected to Lee's drug business. See United States v. Kyllo, 37 F.3d 526, 531 (9th Cir.1994) (upholding adjustment when guns were present in same residence as drug operation); United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991) (upholding adjustment when gun was fifteen miles away from site of drug transaction).
 
 6. Maxwell's Anders Brief
 
 20
 Maxwell's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), identifying two possible issues meriting reversal. First, it is suggested that the district court erred by not making a specific finding that Maxwell voluntarily waived his Boykin rights before entering his guilty plea. This argument fails. The district court complied with Fed.R.Crim.P. 11(d)'s command to address the defendant personally about the voluntariness of the plea. Maxwell stated that he had not been threatened to plead guilty. The court is not required to "enter a formal finding or recitation that the plea was voluntarily and intelligently made." United States v. Jaramillo-Suarez, 857 F.2d 1368, 1370 (9th Cir.1988).
 
 
 21
 Counsel also suggests that the district court erred by not stating any reason in support of the sentence imposed. We disagree. Maxwell made no objections to the presentence report, relying instead on the report's recommendation that, although the guideline range was 87-108 months, the statutory maximum for the offense was 48 months. Maxwell was sentenced to 48 months. The court was not required to give any specific explanation for its sentencing decision. See United States v. Cervantes-Valenzuela, 931 F.2d 27, 29 (9th Cir.1991) (per curiam).
 
 
 22
 Counsel's motion to withdraw pursuant to Anders is granted.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3