**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey HARRIS, a/k/a Jeff Harris, Steve Hill, Steve Ryan Hill, Jeffrey Reed, James Smith, Jay Smith, Du Rock, Du Roc Big Du Roc and Big Du, Defendant–Appellant.**

No. 07–50296.

United States Court of Appeals,
Ninth Circuit.

Submitted July 16, 2008.*

Filed July 21, 2008.

Michael J. Raphael, Esq., Office of the U.S. Attorney, Criminal Division, Los An-

geles, CA, Brent G. Tabacchi, AUSA, Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, for Defendant—Appellant.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Jeffrey Harris appeals his conviction by guilty plea and sentence for conspiracy, 18 U.S.C. § 371, and bank fraud, 18 U.S.C. § 1344. We affirm.

■ We review Harris's challenge based on failure to comply with Fed.R.Crim.P. 11(c)(1) for plain error, as he raises it for the first time on appeal. *United States v. Monzon*, 429 F.3d 1268, 1271 (9th Cir. 2005). There was no plain error; the district court advised Harris of the applicable maximum sentences to the relevant charges. *Cf. United States v. Barrios–Gutierrez*, 218 F.3d 1118 (9th Cir.2000), *superseded on reconsideration en banc by* 255 F.3d 1024 (9th Cir.2001) (court never actually stated the maximum sentence); *United States v. Jaramillo–Suarez*, 857 F.2d 1368, 1372–73 (9th Cir.1988) (court failed to mention any maximum penalty); *United States v. Roberts*, 5 F.3d 365, 369 (9th Cir.1993) (court failed to state the maximum possible term of supervised release); *Carter v. McCarthy*, 806 F.2d 1373,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1376 (9th Cir.1986) (court failed to state the mandatory parole term). In addition, the district judge made clear during the colloquy that he could not tell Harris what his sentence was going to be. Finally, we note that Harris does not suggest that he would not have pled guilty had he been told the correct Guideline range.

■ Nor did the court err in imposing a two-point enhancement for obstruction of justice under U.S.S.G. § 3C1.1. As the advisory committee notes indicate, Harris could wilfully obstruct justice whether or not he knew that the person he beat up was a government informant: All that is necessary was that he try improperly to influence a co-defendant. U.S.S.G. § 3C1.1 cmt. n. 4(a). Harris conceded at sentencing that he did this. Neither was the enhancement in this case inconsistent with the adjustment for acceptance of responsibility. While Harris assaulted his co-defendant in 2005, he pled guilty, and accepted responsibility, in 2006. In these circumstances, his obstructive conduct is not inconsistent with his accepting responsibility. *See United States v. Hopper*, 27 F.3d 378, 383 (9th Cir.1994).

AFFIRMED.