**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Oliver ODEDO, Defendant–Appellant.**

No. 97–30095.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 1998.

Decided Aug. 26, 1998.

---

Barry Flegenheimer, Bell, Flegenheimer, Leong & Solovy, Seattle, Washington, for the defendant-appellant.

Carl Blackstone and Ronald J. Friedman, Assistant United States Attorneys, Seattle, Washington, for the plaintiff-appellee.

Before: HUG, Chief Judge, REINHARDT, Circuit Judge, and REED,* District Judge.

HUG, Chief Judge:

Appellant Oliver Odedo appeals his conviction and sentence following his guilty plea to eleven counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of use of a false social security number in violation of 42 U.S.C. § 408(a)(7)(B). Odedo contends that the trial court erred in refusing to allow him to withdraw his guilty plea. He asserts that the guilty plea was invalid because the trial court violated Fed.R.Crim.P. 11(c)(1) by failing to advise him of the nature of the charges against him. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate Odedo's plea and conviction.

---

* The Honorable Edward C. Reed, Jr., Senior United States District Court Judge for the District of Nevada, sitting by designation.

## I.

On October 11, 1995, a federal grand jury indicted Odedo charging him with wire fraud and use of false social security numbers. The indictment alleged that between February 1994 and May 1995 Odedo operated a "boiler room" purporting to assist individuals in obtaining employment in the airline industry. The indictment alleged that classified ads were placed in newspapers in several states, informing people of a toll-free telephone number they could call about airline industry job openings. Persons who called the telephone number were allegedly told that they would be guaranteed a job in the industry if they paid a "one-time" processing fee of $89.90, and that if they did not receive a job within 30 days, their fee would be refunded. Allegedly these and other representations were false and fraudulent, and many people paid the fee but did not receive the promised service or their money refunded.

Each of the eleven wire fraud counts in the indictment alleged that Odedo caused a telephone call to be made to a toll-free telephone number as part of the fraud scheme, in violation of 18 U.S.C. § 1343. The three false social security number counts in the indictment alleged that Odedo, with intent to deceive, provided the same social security number to three different banks to obtain bank accounts, even though that number was not the one assigned to him, in violation of 42 U.S.C. § 408(a)(7)(B).

On September 13, 1996, a magistrate judge conducted a plea hearing. In the plea agreement presented at this hearing, Odedo would plead guilty to one count of wire fraud and the remaining thirteen counts in the indictment would be dismissed. Odedo signed this plea agreement; however, the magistrate judge did not accept it.

In a subsequent plea hearing before the district court, Odedo pled guilty to all fourteen counts. However, no formal plea agreement was presented. At this plea hearing, the judge asked Odedo if he had read the indictment and discussed the charges with his attorney. Odedo answered affirmatively and waived the reading of the indictment by the district court. Odedo also responded that he had read and signed the previous plea agreement and that it had contained a true and correct statement of the facts as to the single wire fraud charge that it contained. The prosecution then set forth very briefly the facts supporting the remaining thirteen charges that were not contained in the previous plea agreement. The district court accepted Odedo's guilty plea to all fourteen counts.

Approximately one week after his plea was accepted, Odedo wrote a letter to the district court attempting to withdraw his guilty plea as to all counts except the one to which he had originally attempted to plead guilty before the magistrate judge. The district court treated Odedo's letter as a motion to withdraw his guilty plea pursuant to Fed. R.Crim.P. 32(e). Following the submission of briefs on the issue, a hearing was held on October 11, 1996. At the conclusion of the hearing, the district court denied Odedo's motion to withdraw his plea. The court found that no fair and just reason for withdrawal of the plea had been shown. Odedo was eventually sentenced to thirty-three months, followed by three years of supervised release.

## II.

On appeal, Odedo contends that his plea was invalid because the district court failed to inform him of the nature of the charges against him as required by Fed.R.Crim.P. 11(c)(1). He also contends that the district court made several additional errors; however, since we agree that the district court violated the requirements of Rule 11 and find it necessary to remand so that Odedo has the opportunity to enter a new plea, we do not reach any of his additional arguments. *See United States v. Longoria,* 113 F.3d 975, 976 n. 1 (9th Cir.1997).

## III.

The Government asserts that because Odedo failed to raise his Rule 11 contention in the district court that it is "waived." Presumably it is the Government's contention that we must invoke a "plain error" analysis for a "forfeited error." We disagree.

■ We concur with the D.C. Circuit which addressed this issue in *United States v. Lyons*, 53 F.3d 1321 (D.C.Cir.1995) and concluded that "[a]ny deviation from the requirements of Rule 11 is reversible unless the government demonstrates that it was 'harmless.' *See* Fed.R.Crim.P. 11(h)." *Id.* at 1322 n. 1. Rule 11 places the obligation on the district judge to comply with the requirements of the rule in order to assure that the plea is knowing and voluntary. It is not a provision that requires the defendant to request the judge to make the inquiry or specify its form. Rule 11 provides the form of the inquiry that the judge is required to give.

■ Prior to the enactment of subsection 11(h), noncompliance with Rule 11 in direct appeal cases was always reversible error. *See McCarthy v. United States*, 394 U.S. 459, 468–69, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In 1975, however, extensive amendments were made to Rule 11 to require more elaborate and lengthy procedures. As a result, unlike the simpler pre–1975 version of Rule 11, the chance of harmless errors of a minor or technical nature is now more likely. The Advisory Committee Notes make clear that the 1983 Amendments to Rule 11, wherein subdivision (h) was enacted, merely reject *McCarthy*'s extreme sanction of automatic reversal where technical violations occur and permit a harmless error analysis. "Subdivision (h) makes *no change* in the responsibilities of the judge at Rule 11 proceedings, but instead merely rejects the extreme sanction of automatic reversal." Advisory Comm. Notes to Fed.R.Crim.P. 11(h), 1983 Amendment (emphasis in original). Thus we hold that the Rule 11(h) "harmless error" standard applies to all Rule 11 errors, regardless of whether they were ever raised before the district court.

### IV.

We proceed then to the merits of Odedo's appeal. We review *de novo* whether the district court's colloquy with the defendant at the plea hearing satisfies Rule 11. *Longoria*, 113 F.3d at 976. Our review is limited to the record of the plea proceeding at issue and we may not, as the Government suggests, consider the record of the previous plea proceeding before the magistrate judge. *United States v. Gastelum*, 16 F.3d 996, 998–99 (9th Cir.1994).

Fed.R.Crim.P. 11(c)(1) requires the district court to address the defendant personally in open court and inform him of, and determine that he understands, the nature of the charge to which the plea is offered. In *United States v. Smith*, 60 F.3d 595 (9th Cir.1995), we explained the importance of compliance with Rule 11(c)(1) by stating that a guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Id.* at 597 (quoting *McCarthy*, 394 U.S. at 466, 89 S.Ct. 1166).

■ Previous discussions between Odedo and his attorney and Odedo's admission that he had read a previous plea agreement which included facts relevant to only one of the counts do not satisfy the requirements of Rule 11(c)(1). *Smith*, 60 F.3d at 598. Furthermore, Odedo's waiver of the reading of the indictment does not excuse the district court's obligation to explain the nature of the charges against him. *Id.* at 597 (citing *United States v. Bruce*, 976 F.2d 552, 560 (9th Cir.1992)). "In the total absence of any reference at the plea hearing to the charge or its nature, we can assume nothing more than total ignorance of the charge on the part of [the defendant]." *Smith*, 60 F.3d at 600.

■ Because the defendant's right to be informed of the charges against him is at the core of Rule 11, which exists to guarantee that pleas are knowing and voluntary, this error was not harmless. *Longoria*, 113 F.3d at 977. As such, the district court's failure to explain the nature of the charges to Odedo requires vacation of the guilty plea.

For these reasons, we **VACATE** the plea and conviction and **REMAND** for further proceedings consistent with this decision.