**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Fabian BARRIOS–GUTIERREZ, Defendant–Appellant.**

No. 99–10148.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2000.

Filed July 14, 2000.

Atmore Baggott, Apache Junction, Arizona, for the defendant-appellant.

Linda Boone, Assistant United States Attorney, Phoenix, Arizona, for the plaintiff-appellee.

Before: FLETCHER, CANBY, and O'SCANNLAIN, Circuit Judges.

Opinion by Judge FLETCHER; Dissent by Judge O'SCANNLAIN.

FLETCHER, Circuit Judge:

Fabian Barrios–Gutierrez was indicted for illegal entry after deportation in viola-

tion of 8 U.S.C. § 1326(a). He appeals his conviction and sentence. We conclude that the district court violated Federal Rule of Criminal Procedure 11 by failing adequately to inform him of the maximum sentence which he faced at the time of his plea. Therefore, we reverse and remand.

Fabian Barrios–Gutierrez is a citizen of Mexico who re–entered the United States without inspection in June of 1998. He was indicted by a federal grand jury for illegal entry after deportation in violation of 8 U.S.C. § 1326(a). He proceeded to trial before the district court but before any testimony was taken he decided to plead guilty. The district court immediately terminated the bench trial and initiated the required colloquy.

The judge stated that Barrios–Gutierrez was indicted for violating 8 U.S.C. § 1326(a) and asked: "Counsel, is there any dispute that the penalty is the two years counsel has just indicated?" The government responded by saying "possibly the government will be filing and [sic] enhancement to the 1326(a). So as it stands now, it is a[sic] two years." The judge then stated what the maximum sentence could be followed by a series of questions:

> Court: All right. Thirteen-statute provides that you shall be fined and the fine cannot be more than $250,000, or in prison for not more than two years, or both of those or any combination of the two of them.
>
> Do you understand that?
>
> The Defendant: Yes, sir, I understand.
>
> The Court: Did you hear what the government just told me that the government thinks that they may have a right to file a notice that might enhance the sentence you receive.
>
> Did you hear what the prosecutor just told me?
>
> The Defendant: Yes, I hear, but I don't understand very clearly what he's saying.
>
> The Court: I'm not sure that I understand what his intentions are in that

respect. Is it the government's view that—

The government then explained that it need not assert the enhancement in the indictment or before the plea but that if they "choose to file an enhancement, we just have to give notice that we might do so ... although I believe the two-year max applies to the 1326(a), I think it should be understood that there's also the possibility of the enhancement being filed...." The judge then stated:

> I'm not going to take a position now whether the government is right or wrong about what they've said. But I want to be sure that you understand that the government is taking the position here today and now that they may, which I presume also means they may not, but they certainly may file a notice that requests that I enhance at the sentencing the sentence you receive based upon subsequent information they will provide me so that the sentence you would receive would exceed two years. That's the position they're taking and I understand-well, I want to be sure yo [sic] understand that.

After Barrios–Gutierrez replied that he heard what the government had said, the judge said that if (b)(2) applies the sentence could be up to 20 years and Barrios–Gutierrez again said that he understood. Later in the proceeding, the Appellant's attorney objected to the government's claim that it could increase the punishment beyond a two year maximum and the judge responded by stating:

> The Court: I thought I tried to make clear as I was informing your client that is the position of the government and I take no position now as to which of the two parties is correct, whether you are or whether the government is. I may or may not, have to resolve that at a sentencing hearing depending upon what the government may do.
>
> Mr. Barrios–Gutierrez, did you hear everything your lawyer told me and my response to him?

The Defendant: Yes, I did.

The district court accepted Barrios Gutierrez's plea. Immediately afterwards the government announced its intention to seek the enhancement. Barrios–Gutierrez was not offered the opportunity to withdraw his plea. Subsequently at the sentencing hearing, the district court sentenced Barrios–Gutierrez to a term of 57 months imprisonment followed by 36 months of supervised release.

■ The Appellant argues that the district court did not adequately inform him about the maximum sentence which he faced. We review the legality of a sentence de novo. *United States v. Garcia,* 112 F.3d 395, 397 (9th Cir.1997). We review a Rule 11 error de novo but this review is limited to the record of the plea proceeding. *cf. United States v. Odedo,* 154 F.3d 937, 940 (9th Cir.1998) (limiting review to the proceeding at issue and rejecting review of a prior proceeding).

■ The Federal Rule of Criminal Procedure 11 requires that the court address the defendant before accepting a guilty plea and determine that the defendant understands "the maximum possible penalty provided by law." Fed.R.Crim.P. 11(c). An essential requirement of Rule 11(c) is "that the defendant be placed in a position where his plea will be intelligent and informed." *United States v. Gastelum,* 16 F.3d 996, 999–1000 (9th Cir.1994). The district court must directly address the defendant and state the maximum sentence; it is insufficient for counsel to do so. *United States v. Odedo,* 154 F.3d at 940. In *Odedo,* we held that previous discussions between a defendant and his attorney did not adequately replace the role of the district court in the process of accepting a plea. *Id.*

■ In this case, the district court never unambiguously stated the actual maximum sentence which Barrios–Gutierrez faced. The most definitive statement by the district court was its initial statement that Barrios–Gutierrez could face a prison term "for not more than two years." After the government suggested that the sentence could be enhanced beyond two years, the district court twice declined to take a position on whether enhancement was possible under the law. Although the government was correct as to what the maximum possible sentence was, this fact does not make Barrios–Gutierrez's plea intelligent and informed. The district court never made an authoritative statement informing Barrios–Gutierrez that the maximum sentence was 20 years.[1]

The Supreme Court established a per se rule that any noncompliance with Rule 11 was reversible error. *McCarthy v. United States,* 394 U.S. 459, 463–64, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Although this rule was modified with the adoption of Rule 11(h), so that technical violations of Rule 11 no longer always require reversal, the mandatory advisements required by Rule 11 have been reaffirmed by us subsequent to the amendment. *United States v. Jaramillo–Suarez,* 857 F.2d 1368, 1370 (9th Cir.1988). We have interpreted 11(h) to apply only to "a minor or technical violation of Rule 11." *United States v. Graibe,* 946 F.2d 1428, 1433 (9th Cir.1991).

■ In *Jaramillo–Suarez,* 857 F.2d at 1372–73, we held that it is not harmless error when the district court fails adequately to advise the defendant of the maximum sentence faced even when counsel referred to the maximum sentence. In *United States v. Roberts,* 5 F.3d 365, 369 (9th Cir.1993), we held that "Rule 11 still mandates that the judge tell the defendant the 'maximum possible penalty.' The defendant should not receive a sentence longer than the one discussed at the plea hearing." In that case, the judge failed to mention the possibility of a term of supervised release when accepting the plea.

1. Contrary to the dissent's assertion, we do not require the court to inform the defendant of the actual sentence when accepting a guilty plea. We simply hold that the district court must inform the defendant of the "maximum possible penalty provided by law" as required by Rule 11.

Similarly, in *Carter v. McCarthy*, 806 F.2d 1373, 1376 (9th Cir.1986), we held that failure to inform the accused of a mandatory parole term prevented the guilty plea from being voluntary and intelligent. The judge in this case never told Barrios–Gutierrez that the maximum possible sentence he faced was twenty years. The statements by the government did not make this error harmless.

The government argues that under our holding in *United States v. Turner*, 881 F.2d 684, 687 (9th Cir.1989), we should conclude that Rule 11 was not violated here. The government is wrong. The defendant in *Turner* was properly informed of the maximum penalty he faced. His claim was that he should be told definitively what sentence he would receive under the guidelines: "The record indicates that Turner was informed and aware that the maximum penalty for bank robbery was twenty years." *Id.* at 686. Thus, in *Turner* we did not address the question at issue here where the defendant was not informed by the district court of the maximum possible sentence. The government also argues that Barrios–Gutierrez's statements in response to the district court's questioning show that he understood what the actual maximum sentence was. The government relies on *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir.1986), for the proposition that statements by a criminal defendant contemporaneous with the plea should be accorded great weight. Nonetheless, despite Chizen's signed waiver in that case, the court held that counsel's misrepresentation about the plea made the plea involuntary.

■ We next turn to the question of the appropriate remedy. In *United States v. Roberts*, 5 F.3d at 369, we held that the "defendant should not receive a sentence longer than the one discussed at the plea hearing" instructing the district court that it had a choice: to reduce the sentence to the maximum which the district court had stated at the plea hearing or to allow the defendant to replead. *Id.* at 370. In *Carter*, 806 F.2d at 1374, we rejected the imposition of an additional term which the defendant had not been advised of by the district court. Accordingly, we reduced the sentence to the maximum sentence as to which the defendant had been informed at the time of the plea. *Id.* at 1377.

Rule 11 fundamentally requires that the defendant understand the "maximum possible penalty provided by law." Fed. R.Crim.P. 11(c). Only in this way can the defendant be "placed in a position where his plea will be intelligent and informed." *Gastelum*, 16 F.3d at 999–1000. Since the district court never authoritatively stated that Barrios–Gutierrez faced a maximum sentence of twenty years, he did not make an intelligent and informed plea knowing the maximum possible penalty he faced. For this reason, to allow Barrios–Gutierrez to replead clearly would be an appropriate remedy. The district court refused to resolve the question of whether the sentence could be enhanced beyond the two year maximum up to twenty as the government contended. Consequently any sentence imposed without repleading should not exceed the two year maximum. We leave it to the district court to determine which of these remedies should apply.[2]

For the foregoing reasons, we reverse the district court's judgment and remand for further proceedings consistent with this disposition.

REVERSED and REMANDED.

O'SCANNLAIN, Circuit Judge, dissenting:

The court's holding requires that the trial judge decide at the plea colloquy whether a sentence enhancement applies. Because this conclusion contradicts our case law, common practice and common sense, I must respectfully dissent.

---

2. The dissent mistakenly suggests that the defendant was the source of the confusion in this case. Be that as it may, the responsibility for properly informing the defendant of the maximum sentence clearly lies with the district court, not with either the government or defense counsel.

## I

### A

The purpose of Federal Rule of Criminal Procedure 11 is to ensure that a defendant's guilty plea is voluntary and intelligent. Accordingly, the trial judge must inform the defendant of the "maximum *possible* penalty provided by law." Fed. R.Crim.P. 11(c) (emphasis added). As the wording of the rule recognizes, at every plea a great deal of uncertainty remains: the applicability of sentence enhancements; the contents and recommendations of the Presentence Report; the defendant's objections to the report and the judge's rulings thereon; and the effect of the sentencing guidelines. *See United States v. Turner*, 881 F.2d 684, 686–87 (9th Cir.1989); Fed.R.Crim.P. 11(c) advisory committee's note to 1989 amendment. The majority's reasoning veers away from the teaching of our case law that this uncertainty does not render a plea involuntary and points toward a new requirement that the defendant know his actual sentence before entering his plea.

### B

Barrios–Gutierrez surprised the court and the government, when, after the first witness had been sworn, he announced that he would plead guilty to having reentered the United States illegally after having been deported, a violation of 8 U.S.C. § 1326(a). The district court judge then conducted the Rule 11 colloquy. He asked the attorneys for both parties whether there was any dispute that the maximum sentence was two years. Counsel for the government responded that while the maximum penalty for a violation of § 1326(a) was two years, he believed that because Barrios–Gutierrez's deportation had followed an aggravated felony conviction, the government was entitled to file an enhancement under 8 U.S.C. § 1326(b)(2).

This enhancement would result in a maximum sentence of twenty years imprisonment. The Supreme Court had just ruled in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that § 1326(b)(2), which increases the maximum penalty for illegal reentry from two to twenty years when the previous deportation followed an aggravated felony conviction, was a sentencing factor and not a separate offense. Unsure as to whether the government's position was correct as a matter of law, the district court nevertheless informed Barrios–Gutierrez:

> The Court: And so if (b)(2) applies in this case, the sentence could be, under the statute, up to 20 years and a fine of up to $250,000 or both or any combination of the two. Understand that?
>
> The Defendant: Yes, I understand.

At this point, in my view, the district court had fulfilled its obligation to inform Barrios–Gutierrez of the "maximum possible penalty provided by law." Fed. R.Crim.P. 11(c).

The majority's criticism of the district court judge boils down to the fact that he did not rule on the merits of the government's argument that § 1326(b)(2) could apply before accepting the plea. This reasoning reads the word "possible" right out of Rule 11. Possible means "being something that may or may not occur." Webster's Ninth New Collegiate Dictionary (1986) at 918. When Barrios–Gutierrez pled guilty he knew that he "may or may not" receive a twenty-year sentence. As the district court concluded the plea colloquy:

> The Court: I find that the defendant ... understands the position taken by his [counsel] [1] and apparent consultation with him as to the maximum sentence the court can impose, but he also understands the government's position that if the government gives notice pursuant to 1326(b)(1) or (b)(2), the government's

---

1. The transcript reads, "the position taken by his client," but either the judge misspoke or his words were mistranscribed.

position is that a sentence that the court could impose a sentence greater than two years.

After making the above finding, the judge asked Barrios–Gutierrez: "Mr. Barrios–Gutierrez, how then do you plead to the charge of Illegal Reentry after Deportation as set forth in the indictment, guilty or not guilty?" From the transcript of the colloquy, it is clear that before Barrios–Gutierrez answered "Guilty, Your Honor," he understood very well that if the government was right he faced up to twenty years in prison.[2] That is all Rule 11 requires.

Rule 11 does not require that the district court decide the legal or factual applicability of the sentence enhancement before sentencing. The Supreme Court had established in *Almendarez–Torres* that § (b)(2) is a sentence enhancement only, not a separate offense, so that a defendant who is convicted under § 1326(a) can be sentenced under § 1326(b)(2). *See* 523 U.S. at 235, 118 S.Ct. 1219. Generally, district courts do not resolve the applicability of enhancements during the plea colloquy, but rather, as the court did here, at sentencing. *See Turner*, 881 F.2d at 686–87.

The district court judge acted correctly here. At the plea colloquy, he informed Barrios–Gutierrez that the penalty for the

---

2. Between the sections of transcript quoted by the majority the following exchange took place:

The Court: Did you hear what the government just told me that the government thinks they may have a right to file a notice that might enhance the sentence you receive.

Did you hear what the prosecutor just told me?

Defendant: Yes, I hear, but I don't understand very clearly what he's saying.

Court: I'm not sure that I understand what his intentions are in that respect. Is it the government's view that under subsection B whether it's one or two, you could [file] a notice under the Supreme Court's recent decision and the penalty could exceed the two years?

Government: That is our intent, Your Honor.

Court: That's your intent or that's your understanding?

Government: That's my understanding, Your Honor, from what I've read of the cases that 1326(a) does not require us to assert the enhancement in the indictment or plea, or have them plea to the aggravated part of the sentencing.

If we choose to file an enhancement, we just have to give notice to the defendant that we might do so. Therefore I guess in determining what to advise defendant, although I believe the two-year max applies to the 1326(a), I think it should be understood that there's also the possibility of the enhancement being filed in regards to his aggravated felony, felony status.

Court: Did you hear the government expand upon the position they've taken about what they may do concerning 1326(a) and (b). Did you hear what he told me?

Defendant: Yes.

Court: Did you understand what he said?

Defendant: Yes, I understand.

Court: I'm not going to take a position now whether the government is right or wrong about what they've said. But I want to be sure that you understand that the government is taking the position here today and now that they may, which I presume also means they may not, but they certainly may file a notice that requests that I enhance at sentencing the sentence you receive based upon subsequent information they will provide me so that the sentence that you would receive would exceed two years. That's the position they're taking and I understand—well, I want to be sure yo[u] understand that.

Government: And with the (b)(2) enhancement if it so applies, it's a maximum of 20 years.

Court: Is it the government's position that the criminal history category of this defendant would place him in a(b)(2) category as opposed to a(b)(1)?

Government: Yes, Your Honor.

Court: Did you hear again what he just told me, Mr. Barrios?

Defendant: Yes, I did.

Defense Counsel: Mr. Barrios is well aware of the significance of (b)(1) and (b)(2), also, Judge.

Court: All right. Is that true, Mr. Barrios? Did you hear what your lawyer just told me?

Defendant: Yes.

Court: And so if (b)(2) applies in his case, the sentence could be, under the statute, up to 20 years and a fine of up to $250,000 or both or any combination of the two. Understand that?

Defendant: Yes, I understand.

section to which he pled guilty was two years, but that if the enhancement applied Barrios–Gutierrez could receive up to twenty years. Then, at sentencing, he decided that the government's legal argument that the enhancement could apply was correct, he found that the government had established that on the facts of this case it applied, and he sentenced Barrios–Gutierrez accordingly to roughly one-quarter the statutory maximum of twenty years. The district court's correct decision that as a matter of law § 1326(b)(2) applied is no different from other questions of law that the court decides after accepting a plea, such as its determination that a previous felony qualifies as an aggravated felony for the purposes of § 1326(b)(2). None of the cases cited by the majority stand for the proposition that Barrios–Gutierrez had to know to a certainty whether the sentence enhancement applied before pleading guilty. As the district court did not err in the first instance, the majority's citation to cases discussing what qualifies as harmless error is besides the point.

## II

The practical consequence of the majority's conclusion illustrates that its holding contradicts not only our case law and common practice with respect to deciding the applicability of enhancements at the sentencing stage, but also common sense. The majority gives the district court two options on remand. The first is to vacate the guilty plea. This is likely little more than a waste of scarce judicial resources. Because there is no controversy that § 1326(b)(2) applies, if Barrios–Gutierrez repleads he will receive *at least* the same sentence he received the first time (or, ironically, perhaps a longer one). But then the plea will be knowing and intelligent, I suppose, because the judge will have informed him that when he repeats that it's possible Barrios–Gutierrez might receive a twenty-year sentence he really means it! Of course, the defendant could decide to go to trial, but given the speed with which he pled guilty the first time, it

is unlikely Barrios–Gutierrez feels confident about his chances. The second option the majority gives the district court is to restrict Barrios–Gutierrez's sentence to two years. This would grant the defendant a windfall for no reason. This is not a case of the government being held to its side of a bargain. *See Carter v. McCarthy,* 806 F.2d 1373, 1376 (9th Cir.1986) (holding that "where a petitioner has relied on a promise by the state in a plea agreement which has not been fulfilled, either withdrawal of the plea or specific performance of the agreement may be an appropriate remedy."). In this case, such an action would reward Barrios–Gutierrez for having sown confusion by changing his plea after the first witness was sworn at his trial. He would undeservedly benefit by being given a two-year sentence when the law clearly prescribes that he should receive up to ten times as much for his crime.

## III

As the district court properly informed Barrios–Gutierrez that he might face twenty years in prison and then correctly resolved the applicability of the enhancement at sentencing, I would affirm both the guilty plea and the 57–month sentence actually imposed.