**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Fabian BARRIOS–GUTIERREZ,**
**Defendant–Appellant.**

No. 99–10148.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 22, 2001

En Banc Opinion Filed July 3, 2001

---

Atmore L. Baggot (argued), Apache Junction, Arizona, for the defendant-appellant.

Michael A. Rotker (argued), attorney, United States Department of Justice, Washington, D.C., Jose de Jesus Rivera, United States Attorney, Georgia B. Ellexson, Assistant United States Attorney, Linda C. Boone, Assistant United States Attorney, Phoenix, Arizona, for the plaintiff-appellee.

Before: SCHROEDER, CHIEF JUDGE, AND HUG, PREGERSON, REINHARDT, O'SCANNLAIN, T.G. NELSON, TASHIMA, GRABER, RONALD M. GOULD, BERZON, and RAWLINSON, Circuit Judges.

Opinion by Judge O'SCANNLAIN; Dissent by Judge BERZON

O'SCANNLAIN, Circuit Judge:

We must decide whether the trial judge must formally determine at the plea colloquy whether a statutorily-authorized sentence enhancement will apply as a matter of law, notwithstanding the defendant's acknowledgment in open court that he understands the maximum possible penalty including such potential enhanced sentence.

I

Fabian Barrios–Gutierrez was indicted for illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326(a). He waived his right to a jury and proceeded to trial before the district court. After the first witness was sworn, but prior to any testimony, defense counsel informed the court that Barrios–Gutierrez wished to change his plea and to plead guilty to the indictment. Although the plea change came as a surprise to the district court and to the prosecution, the trial judge terminated the trial and immediately proceeded with the Rule 11 colloquy without objection.

The district court asked counsel for the government whether there was any dispute that the maximum sentence was two years. The Assistant U.S. Attorney responded, "possibly the government will be filing an enhancement to the 1326(a). So as it stands now, it is a[sic] two years. But that's subject to us filing a notice for enhancement." The district court then

stated in the presence of the defendant and all counsel:

> The Court: I'm not going to take a position now whether the government is right or wrong about what they've said. But I want to be sure that you understand that the government is taking the position here today and now that they may, which I presume also means they may not, but they certainly may file a notice that requests that I enhance at the sentencing the sentence you receive ... so that the sentence that you would receive would exceed two years. That's the position they're taking and I understand—well, I want to be sure that you understand that.

The prosecution then reiterated its position and added that "with the (b)(2) enhancement if it so applies, it's a maximum of 20 years." Barrios–Gutierrez responded that he heard what the government said. Further, defense counsel reassured the court that "Mr. Barrios is well-aware of the significance of (b)(1) and (b)(2)." The district court then informed Barrios–Gutierrez:

> The Court: And so if (b)(2) applies in this case, the sentence could be, under the statute, up to 20 years and a fine of up to $250,000 or both or any combination of the two. Understand that?
>
> The Defendant: Yes, I understand.

Following the colloquy, and having found that Barrios–Gutierrez understood that his maximum possible imprisonment could be twenty years, the district court accepted Barrios–Gutierrez' guilty plea. Immediately thereafter, the prosecution announced its intention to seek the sentencing enhancement under § 1326(b)(2). At the subsequent sentencing hearing, more than three months later, the district court formally determined that § 1326(b)(2) ap-

plied and sentenced Barrios–Gutierrez to a term of 57 months' imprisonment followed by 36 months of supervised release.

This timely appeal from the sentence followed.

## II

Barrios–Gutierrez argues that the district court violated Federal Rule of Criminal Procedure 11 by failing adequately to inform him of the maximum sentence that he faced.

### A

Rule 11(c) requires that before accepting a plea of guilty the court must address the defendant personally in open court and "inform the defendant of, and determine that the defendant understands, ... the maximum possible penalty provided by law...." Fed.R.Crim.P. 11(c)(1). We have previously held that Rule 11 "mandates that the judge tell the defendant the maximum possible penalty." *United States v. Roberts*, 5 F.3d 365, 369 (9th Cir.1993) (internal quotations omitted). The purpose of Rule 11 is to ensure "that the defendant be placed in a position where his plea will be intelligent and informed...." *United States v. Gastelum*, 16 F.3d 996, 999–1000 (9th Cir.1994). In other words, Rule 11 seeks to make certain that the defendant has adequate information (including the maximum possible sentence that he could receive for the charged crime) with which to make an informed decision.

■ The sentencing provision of 8 U.S.C. § 1326(a), the statute of conviction, states that a violation of that subsection carries a maximum two-year sentence.[1] Several months prior to Barrios–Gutierrez'

---

1. It should be noted, however, that subsection (a) begins with the words, "Subject to subsec- tion (b) of this section...."

indictment, however, the Supreme Court made clear that the penalty for a violation of § 1326(a) was not limited to the two-year maximum, but may be increased by sentence enhancements for recidivism contained in § 1326(b)(1) and (b)(2). *See Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). The Court also clarified that reference to § 1326(b) need not be included in the indictment as an element of the offense nor proven to the jury. *See id.* Pursuant to § 1326(b)(2), once an alien is removed or deported following a conviction for an aggravated felony, he is thereafter, upon a subsequent illegal reentry, subject to a maximum twenty-year sentence for a § 1326(a) violation. *See id.* at § 1326(b)(2). Prior to his removal, Barrios–Gutierrez was convicted for theft of an automobile in the state of Texas. Barrios Gutierrez does not contest that such conviction was for an aggravated felony nor that § 1326(b)(2) applies to him. There can be no doubt, therefore, that the maximum possible penalty that he could have received was twenty years.

■ The confusion at the Rule 11 plea colloquy was understandable given the surprise post trial-commencement change of plea and the recency of the controlling Supreme Court decision yet to be reviewed by the district court. Although not having expected, and therefore not prepared for a plea hearing, the court terminated the trial and immediately proceeded with the Rule 11 colloquy as requested by the defendant. The government, possibly also not prepared to discuss sentencing, advised the court that it believed a recent Supreme Court decision allowed for a sentence of up to twenty years under § 1326(b)(2). Adding to the confusion, the government did not definitively state that it would, in fact,

seek an enhancement, until immediately after the plea was accepted. Defense counsel, perhaps unaware of *Almendarez–Torres,* erroneously urged that because jeopardy had attached, the indictment could not be amended to include a § 1326(b)(2) charge and the maximum period of imprisonment would therefore remain a period of two years. Nevertheless, once the defendant answered, "Yes, I understand," after the court told him that imprisonment could be up to twenty years, there can be no doubt that he was made aware that the "maximum possible penalty" was twenty years, not two years. This result comports entirely with the function of Rule 11.

At every plea hearing,[2] a great deal of uncertainty remains as to what the sentence will be: the applicability of sentence enhancements or downward adjustments; the contents and recommendations of the Presentence Investigation Report; either party's objections to the report and the judge's rulings thereon; and the effect of the sentencing guidelines. *See* Fed. R.Crim.P. 11(c) advisory committee's note (1989). Not inconsistent with this uncertainty is whether a sentence enhancement pursuant to § 1326(b)(2) applies. Whether an enhancement applies as a matter of fact, as a matter of law, or whether its application is merely a possibility are distinctions without significance at a Rule 11 hearing. The essential ingredient is notice of "the maximum possible penalty provided by law . . . ." Fed.R.Crim.P. 11(c). The precise sentence up to the maximum is typically determined by the trial court at a formal sentencing hearing a month or more later.

■ Rule 11 does not require that the district court announce authoritatively the

---

**2.** Except for pleas pursuant to plea agreements with specific, binding sentences under

Fed.R.Crim.P. 11(e)(1)(C).

*actual* maximum sentence at the plea-taking stage.[3] On the contrary, it would belie the plain meaning of Rule 11(c). It includes the word "possible," which means "being something that may or may not occur." Webster's Ninth New Collegiate Dictionary 918 (1986). Having been informed by the court that if § 1326(b)(2) applied his maximum possible sentence would be twenty years, Barrios–Gutierrez was informed at the time he pleaded guilty that he "may or may not" receive the maximum sentence of twenty years. We are satisfied, therefore, that Barrios–Gutierrez had the necessary information to enter an informed and intelligent plea. The district court met the requirements of Rule 11(c) by informing Barrios–Gutierrez that he faced a maximum twenty-year sentence and by determining that he understood this to be the maximum possible penalty.

## B

None of the cases relied on by Barrios–Gutierrez stands for the proposition that the district court had to determine whether the sentence enhancement of § 1326(b)(2) applied prior to taking Barrios–Gutierrez' guilty plea. *United States v. Odedo*, 154 F.3d 937 (9th Cir.1998), dealt with a much more problematic situation. There, at the Rule 11 hearing, the district court informed the defendant neither of the charges in the indictment nor of the maximum possible penalty. *Id.* at 939. The court, instead, relied on the defendant's earlier discussions with his counsel as a basis for accepting his guilty plea. *Id.*

We held that previous discussions between a defendant and his counsel do not satisfy Rule 11. *Id.* at 940. But that is not the case here. Whatever discussion Barrios–Gutierrez may have had with his counsel regarding the maximum penalty, the district court told the defendant directly that if § 1326(b)(2) applied, he faced up to a twenty-year sentence.[4]

Similarly, dictum in *Libretti v. United States*, 516 U.S. 29, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995), is unhelpful to Barrios–Gutierrez. In that case, the Court found the plea agreement and plea colloquy adequate, but stated that "a district judge must not mislead a defendant ... nor should the court permit a defendant's obvious confusion ... to stand uncorrected." *Id.* at 51, 116 S.Ct. 356. Contrary to Barrios–Gutierrez' contention, the court did not mislead the defendant nor leave uncorrected any obvious confusion. While Barrios–Gutierrez may have begun the plea colloquy believing that the maximum sentence to which he could have been sentenced was two years, the district court clearly dispelled this belief. In contrast to *Libretti*, where the district court did not "spell out" the forfeiture procedures to the defendant, the district court here carefully told Barrios–Gutierrez that if § 1326(b)(2) applied he would face a twenty-year maximum sentence. After some initial confusion, Barrios–Gutierrez repeatedly stated that he understood that he faced a possible twenty-year maximum sentence. Rule 11 requires no more.

**3.** Like determination of a defendant's Criminal History category under U.S.S.G. § 4A1.1, whether § 1326(a) or (b) actually applies depends on the later confirmation of whether or not the defendant has been convicted of the requisite felony.

**4.** In fact, the defendant's previous discussions with counsel contained erroneous informa-

tion—counsel believed that once jeopardy attached, the government could not seek an enhancement under § 1326(b)(2). The district court did not rest on this misinformation, however. It informed Barrios–Gutierrez that § 1326(b) might apply and that, if it did, then he faced a twenty-year maximum sentence.

## III

As the district court informed Barrios–Gutierrez that he might face twenty years in prison and then correctly resolved the applicability of the enhancement at sentencing, we affirm the 57–month sentence actually imposed.

AFFIRMED.

BERZON, Circuit Judge, with whom Circuit Judges PREGERSON and REINHARDT join, dissenting:

Rule 11 provides that, before accepting a guilty plea, the court must "inform the defendant of ... the *maximum possible penalty provided by law*." Rule 11 does not provide that, before accepting a guilty plea, the court "must inform the defendant of the *possible maximum penalty, depending on how one interprets the law*." The two phrases are not equivalent, but the majority proceeds as if they were.

Under the actual wording of Rule 11, the defendant is entitled to an essential piece of information regarding the consequences of his guilty plea: "the maximum possible penalty provided by law." By promulgating Rule 11, Congress struck a balance between the needs of the sentencing system for development of facts and legal positions after conviction and the defendant's need to have *some* certainty regarding the outside limits of the incarceration and other risks he is taking in pleading guilty. Thus, while the majority is correct that "[a]t every plea hearing, a great deal of uncertainty remains," it is not correct that, under Rule 11, that uncertainty can include the question whether twenty years *is or is not* the "maximum possible penalty provided by law" for a § 1326(a) violation.

It is this bedrock, minimal, but essential information—what is the highest penalty a court is permitted to impose for the crime with which the defendant is charged—that the district court failed to provide to Barri-os–Gutierrez. As the majority recounts, the defense lawyer had apparently informed the defendant, erroneously, that once jeopardy attached, the vastly enhanced sentence available to the prosecution under § 1326(b)(2) as compared to § 1326(a)—an increase from two to twenty years—would not be available to the prosecution. That poor advice was the very reason the defendant first went to trial and then truncated the proceedings by pleading guilty. The government then made a contrary legal representation regarding the maximum sentence that could be imposed upon a person convicted of a § 1326(a) violation, based on *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). The district court refused, repeatedly, to resolve this dispute of law over the precise question to which, under Rule 11, the defendant was entitled to an answer—that is, what is the maximum penalty the law allows a district court to impose for a § 1326(a) violation? Instead, the district court essentially told the defendant that there were two possibilities—the maximum possible sentence for a § 1326(a) violation might be two years, and then again, it might be twenty.

That this was the message communicated to the defendant is quite clear when one reads a more complete version of the colloquy than the majority includes in its opinion:

> THE COURT: Now, I want to tell you what the statutory penalty is.... Counsel, is there any dispute that the penalty is the two years [defense] counsel has just indicated?
>
> MR. MITCHELL: Your Honor, pursuant to the Supreme Court, ... possibly the government will be filing an[ ] enhancement to the 1326(a)....
>
> THE COURT: All right. [The statute] provides that you shall be fined and the

fine cannot be more than $250,000, or in prison for not more than two years, or both of those. . . . Do you understand that?

THE DEFENDANT: Yes, sir, I understand.

THE COURT: Did you hear what the government just told me that the government thinks they may have a right to file a notice that might enhance the sentence you receive. . . .

THE DEFENDANT: Yes, I hear, but I don't understand very clearly what he's saying.

THE COURT: ... Is it the government's view that ... under subsection B ... you could [file] a notice under the Supreme Court's recent decision and the penalty could exceed two years? ...

MR. MITCHELL: That's my understanding, Your Honor, from what I've read of the cases ...

THE COURT: ... Did you hear what [the government] told me? ... Did you understand what he said?

THE DEFENDANT: Yes, I understand.

THE COURT: *I am not going to take a position now whether the government is right or wrong about what they've said.* But I want to be sure that you understand that the government is taking the position here today. . . . (Emphasis added).

Later, the mandatory sentence issue came up again. The defense attorney, asked at the end of the plea colloquy whether he had anything further to say, stated:

Your Honor, the only thing I would add to the record is that it is our position that once jeopardy attached, the government cannot change the indictment to increase the punishment alleged in the indictment, and in this case it's a two-year maximum. That is our position. We are not agreeing that the gov-

ernment later on can file something that changes that. . . .

Once again, the district court emphasized that he was not resolving the dispute between the parties concerning the maximum sentence available for a conviction under § 1326(a), stating: "I thought I tried to make clear as I was informing your client that it is the position of the government *and I take no position now as to which of the two parties is correct, whether you are or whether the government is . . . .*" (Emphasis added).

Reading these exchanges, one cannot escape the conclusion that the defendant was *not* informed by the court of the "maximum possible sentence provided by law" for a violation of § 1326(a). He was only informed of the government's position on that question, and of the court's refusal to decide whether that position was correct.

It is true, of course, that even had the district court ruled on that basic legal issue and informed the defendant (and defendant's counsel) of the true import of *Almendarez–Torres,* the defendant would still have not known whether the government was going to seek the twenty year sentence, and would not have been informed about whether, given his particular criminal record, the twenty year sentence would have been proper. So the decision whether to plead guilty still involved for this defendant, and involves for most defendants, much risk assessment, based on predictions concerning factual and legal matters. Rule 11, however, intended to provide *some* guidance, albeit often minimal guidance, to defendants in assessing their course of action, by requiring the judge to provide *one* definitive piece of information: Under the statute of conviction, what is the maximum sentence to which *any* defendant—not this defendant, in particular—may legally be sentenced. That information was not provided to the

defendant in this case. I would therefore reverse the judgment below and remand for further proceedings.