**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dale Michael HEADDRESS,**
**Defendant–Appellant.**

No. 00–30303.

D.C. No. CR–00–00018–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.[*]

Decided Aug. 29, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM [**]

Dale Michael Headdress appeals his conviction and three-year sentence of probation following his guilty plea to one count of making a false statement to an agency of the executive branch of the United States, in violation of 18 U.S.C. § 1001. Defendant's attorney has moved to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

(1967), and Headaddress has submitted a supplemental pro se letter-brief.[1]

Counsel has identified and properly rejected as issues for appeal (1) the validity of Headaddress' guilty plea and (2) the legality of his sentence. There is no indication in the record that Headaddress' guilty plea was not knowing and voluntary. *See United States v. Aguilar–Muniz,* 156 F.3d 974, 976–77 (9th Cir.1998) (reviewing de novo district court's compliance with Rule 11 and seeing no error).

Headaddress' sentencing was procedurally proper and in compliance with the statute of conviction and the Sentencing Guidelines. *See* Fed.R.Crim.P. 32; 18 U.S.C. § 1001(a) (setting 5–year maximum penalty); U.S.S.G. §§ 5B1.1(a)(1), 5B1.2(a)(1) and 5B1.3 (authorizing probation, its length and conditions). Headaddress' sentence offers no basis for appeal. *See United States v. Pelayo–Bautista,* 907 F.2d 99, 101 (9th Cir.1990) (stating that we lack authority to review a sentence within the correctly applied Guideline range not imposed in violation of the law).

Headaddress' pro se submission states that he would like the felony charge reduced to a misdemeanor, because the dollar amount of the count of conviction was below $1,000, and he believed that there was a mistake at the plea colloquy. He also seeks continued representation by the Federal Defender appointed to him. We reject these suggestions.

The offense of making a false statement does not include monetary value as an element. *Compare* 18 U.S.C. § 1001 *with* 18 U.S.C. § 641 (setting $1,000 cut-off for felonies). It is therefore immaterial whether the false statement involved more or less than $1,000. *Cf. United States v. Medina de Perez,* 799 F.2d 540, 542 (9th Cir.1986) (stating that pecuniary loss is not

an element of section 1001). Moreover, the record shows that, despite the district court's question about dollar value at the plea colloquy, Headaddress knew that he was pleading guilty to a Class D felony. *See United States v. Barrios–Gutierrez,* 255 F.3d 1024, 1026–28 (9th Cir.2001) (en banc) (stating that district court's uncertainty about the applicable maximum sentence does not affect validity of plea if defendant was advised of highest possible penalty). Given Headaddress' statements of understanding, and his lack of objection to repeated references to a felony conviction, there is no basis for reducing his conviction to a misdemeanor. *See id.*

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) discloses no issues for review. Counsel's motion to withdraw is therefore **GRANTED,** and the district court's judgment is **AFFIRMED.**

---

1. The Clerk is directed to file defendant's letter, received April 4, 2001.