UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Alfredo **PARTIDA–RAMIREZ,** aka
Jose Alfredo Ramirez–Partida, et
al., Defendant—Appellant.

No. 01–50222.

D.C. No. CR–00–00076–WDK–01.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Jan. 2, 2002.

Before SCHROEDER, Chief Judge,
TROTT and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jose Alfredo Partida–Ramirez appeals his conviction, pursuant to a guilty plea, and sentence for being an illegal alien found in the United States following deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Partida–Ramirez contends that the district court failed to comply with Fed. R.Crim.P. 11(c)(1) by not ensuring his understanding of the nature of the charge against him at the change of plea hearing. We review *de novo* the adequacy of a Rule 11 plea hearing. *United States v. Odedo,* 154 F.3d 937, 940 (9th Cir.1998). Rule 11 requires a district court to "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, ... the nature of the charge to which the plea is offered." Fed.R.Crim.P. 11(c)(1). "The sufficiency of any particular colloquy between the judge and the defendant as to the nature of the charges will vary from case to case, depending on the peculiar facts of each situation," *United States v. Kamer,* 781 F.2d 1380, 1384 (9th Cir.1986).

After our review of the record, we conclude that the description of the offense set forth in the change of plea hearing adequately informed Partida–Ramirez of the nature of that charge, and the district court ensured his understanding of it by directing Partida–Ramirez to interrupt if he did not understand anything the court said during the proceeding. Accordingly, we conclude there was no Rule 11 violation.

Partida–Ramirez also contends that in light of *Apprendi v. New Jersey,* 530 U.S.

---

466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred in imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based upon a prior felony which was not pled in the indictment, to which he did not admit at his change of plea hearing, and which was not submitted to a jury and proven beyond a reasonable doubt. As Partida–Ramirez acknowledges, this court has specifically rejected the contention that *Apprendi* overruled *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

**AFFIRMED.**

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.