**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Efren SANDOVAL–MORENO,**
**Defendant–Appellant.**

No. 01–50129.

D.C. No. CR–00–00409–SVW.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 18, 2002.*

Decided Feb. 25, 2002.

Before SCHROEDER, Chief Judge, McKEOWN, Circuit Judge and ZILLY,** District Judge.

MEMORANDUM ***

Efren Sandoval Moreno appeals from his conviction and sentence of 77 months for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Moreno argues that his conviction must be vacated because the district court failed to advise him at his change of plea hearing that he had the continuing right to plead not guilty. He also argues that, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence must be limited to two years because his prior felony conviction was not alleged in the indictment.

The Federal Rules of Criminal Procedure provide in relevant part:

> Before accepting a plea of guilty ... the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, ... that the defendant has the right to plead not guilty or to persist in that plea if it has already been made[.]

Fed.R.Crim.P. 11(c)(3). The district court failed to advise Moreno, and determine that he understood, that he had the right to continue to plead not guilty. This violated Rule 11(c). *See United States v. Odedo,* 154 F.3d 937, 940 (9th Cir.1998).

The government argues that the district court's error was harmless. We disagree. In order to prove the error was harmless, the government must make "an affirmative showing on the record that the defendant was actually aware of the advisement." *United States v. Graibe,* 946 F.2d 1428, 1435 (9th Cir.1991). We find that none of the evidence cited by the government, from the plea colloquy or beyond, establishes the requisite awareness. *See United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001). We therefore conclude that the error requires reversal. *See id.*

Since we vacate Moreno's conviction for the retaking of his plea, we need not address his *Apprendi* argument.

REVERSED and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.