**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Abel PEREZ MEDINA, Defendant–
Appellant.**

No. 01–50200.

D.C. No. CR–00–00041–VAP–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 2002.

Decided Feb. 25, 2002.

Before SCHROEDER, Chief Judge, CUDAHY,* and McKEOWN, Circuit Judges.

MEMORANDUM **

Appellant Abel Perez Medina appeals his conviction pursuant to a guilty plea on the charge of illegal re-entry into the United States after deportation. *See* 8 U.S.C. § 1326.

Appellant first contends that the district court violated Fed. R. Crim P. 11(f) in that the government did not expressly state that it would prove that he was an "alien." We review claims of Rule 11 error under the harmless · error standard. *United States v. Odedo*, 154 F.3d 937, 940 (9th Cir.1998); *see also United States v. Ramos–Godinez*, 273 F.3d 820, 825 (9th Cir. 2001) (an error that is harmless cannot constitute plain error). The government's proffer included all of the identifying characteristics of an alien, and there was an adequate factual basis unarguably established on the other elements of the offense. Therefore, any technical error that may have occurred was harmless. *See United States v. Aguilar–Muniz*, 156 F.3d 974, 976 (9th Cir.1998).

Perez Medina also contends that Rule 11(c) requires that the district court inform him that it would be the government's burden to prove him guilty beyond a reasonable doubt at trial. Rule 11 does not contain any such requirement, and appellant has not cited any authority for the proposition that due process imposes one.

Appellant's challenge to his sentence based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), must be rejected under our holding in *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000).

The government's motion to expand the record is DENIED.

The judgment of conviction and sentence is AFFIRMED.

---

* The Honorable Richard D. Cudahy, Senior Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.