UNITED STATES of America,
Plaintiff—Appellee,

v.

Javier GOMEZ–GOMEZ, Defendant—
Appellant.

No. 00–10623.
D.C. No. CR–00–01021–EHC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2002.

Decided April 19, 2002.

Before BEEZER, THOMAS and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Appellant Javier Gomez–Gomez ("Gomez") appeals his conviction and 55–month sentence under 8 U.S.C. § 1326(b)(2) for illegally entering the United States after deportation following conviction for an aggravated felony. He argues that his prior Arizona conviction for attempted aggravated assault is not an aggravated felony under federal law and thus cannot support his sentence.

Gomez entered into a plea agreement that includes a waiver of appeal. He challenges the knowing and voluntary nature of that plea agreement by asserting that the district court violated Federal Rule of Criminal Procedure 11(f).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

■ Gomez argues that the court violated Rule 11(f) by failing to establish the factual basis for his prior conviction. Rule 11(f) requires only that the district court develop the factual basis for elements of the offense, not for sentencing factors. *United States v. Alber,* 56 F.3d 1106, 1110 (9th Cir.1995). Prior conviction for an aggravated felony is a sentencing factor. *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *see also Apprendi v. New Jersey,* 530 U.S. 466, 487–88, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The factual basis underlying that prior conviction need not be developed during the Rule 11 hearing. *Cf. United States v. Barrios–Gutierrez,* 255 F.3d 1024, 1027 (9th Cir.) (en banc) (holding that whether subsection (b)(2) of § 1326 applies to defendant need not be determined during Rule 11 hearing), *cert. denied,* — U.S. —, 122 S.Ct. 567, 151 L.Ed.2d 441 (2001). Thus, Rule 11 does not require either a magistrate judge who conducts a plea hearing, as occurred in this case, or the sentencing judge to inquire into the factual basis of a prior conviction.

■ Gomez also argues that his consent to proceed with his plea before the magistrate judge did not include consent to have the magistrate judge make the Rule 11(f) determination or to have the magistrate judge make the determination without the benefit of a completed presentence report. These arguments are without merit. Gomez signed a written consent to proceed with his plea before the magistrate judge, and the magistrate judge confirmed this desire before conducting the plea colloquy. Availability of the presentence report is immaterial. The court may establish a factual basis for the elements of the offense from any evidence before it, including admissions of the defendant in the plea agreement and during the colloquy. *See Alber,* 56 F.3d at 1110.

The plea agreement is enforceable. The language of the waiver in that agreement unambiguously encompasses Gomez' argument on appeal that attempted aggravated assault under Arizona law does not constitute an aggravated felony under federal law.

The appeal is dismissed for lack of jurisdiction. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

DISMISSED.