**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Clifford G. BIRDINGROUND,
Defendant—Appellant.**

Nos. 03–30397, 03–30422.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 4, 2004.*

Decided Aug. 24, 2004.

Carl E. Rostad, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Penelope S. Strong, Esq., Paul G. Matt, Matt Law Office, Billings, MT, for Defendant–Appellant.

Before: HALL, KLEINFELD, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Clifford G. Birdinground, a member of the Crow Tribe, challenges the district court's denial of his motion to withdraw his guilty plea to receiving a bribe in violation of 18 U.S.C. § 666(a)(1)(B). We affirm.

Birdinground makes three arguments on appeal: (1) the district court should have appointed an interpreter at the guilty plea hearing; (2) the district court failed to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ensure that Birdinground understood the nature of the bribery charge and in particular the mens rea element of corrupt receipt of fees; and (3) there existed fair and just reasons for the withdrawal of the guilty plea.

■ 28 U.S.C. § 1827(d)(1) provides that an interpreter is required if the defendant speaks "primarily a language other than the English language," and his comprehension of either the proceedings or his communication with counsel is inhibited. The use of an interpreter in the courtroom is addressed to the trial court's discretion and will be reversed only upon a finding of clear error. *United States v. Mayans,* 17 F.3d 1174, 1179 (9th Cir.1994); *United States v. Petrosian,* 126 F.3d 1232, 1234 n. 3 (9th Cir.1997).

Here a review of the record shows that Birdinground's comprehension of the proceedings was not inhibited by any language problem. A reading of his colloquy with Judge Cebull at his October 4, 2002, change of plea hearing and his lengthy November 5, 2002, statement under oath to agents from the U.S. Attorney's office reveals that Birdinground understands and speaks English.

■ Fed. R.Crim. Proc. 11(b) requires that before accepting a guilty plea, the court must address the defendant personally and must (among other things) inform the defendant of the nature of each charge to which he is pleading and determine that the defendant understands the nature of each charge. *United States v. Minore,* 292 F.3d 1109, 1115 (9th Cir.2002). The adequacy of a court's examination under Rule 11 is reviewed de novo. *United States v. Pena,* 314 F.3d 1152, 1155 (9th Cir.2003); *United States v. Odedo,* 154 F.3d 937, 940 (9th Cir.1998).

Birdinground argues that the record fails to disclose that he understood the mens rea required for Count V. Although appellant's brief argues that Birdinground only pleaded when "cued" by his attorney and that the exchanges fail to indicate that Birdinground had the requisite "corrupt" mens rea, the exchanges indicate that Birdinground knew exactly what he was doing.

Birdinground pleaded to the count of accepting gratuities for Crow Tribe business, and not to the other charges such as the conversion of tribal property to personal benefit. Accordingly, although he denied allegations that Crow Tribe property was used for the purchases, he admitted that he solicited and accepted the "bird-dog" fees (kickbacks). The transcript shows that when he pleaded guilty, he understood the charges and knowingly and intelligently chose to plead guilty.

Fed R.Crim. Proc. 11(d)(2)(B) allows the withdrawal of a guilty plea prior to sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." "The decision to allow a defendant to withdraw his plea, however, lies within the discretion of the district court." *United States v. Ruiz,* 257 F.3d 1030, 1033 (9th Cir.2001) (en banc). A denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Nostratis,* 321 F.3d 1206, 1208 (9th Cir.2003).

The district court did not abuse its discretion in denying the motion to withdraw because it properly concluded that Birdinground understood oral English and that he knowingly and intelligently entered his guilty plea. Birdinground cannot rebut the district court's application of the relevant factors set forth by this court in *Nostratis,* 321 F.3d at 1208.

The district court's judgment is **AFFIRMED.**