**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATH DOUGPANYA; MATHINEE CHAIVORAPOJ,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-73326<br><br>Agency Nos.    A098-406-549<br>                   A098-406-550<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2013[**]
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

Nath Dougpanya and, derivatively, his wife Mathinee Chaivorapoj, petition

for review of the Board of Immigration Appeals' ("BIA") final order dismissing

his appeal of the Immigration Judge's ("IJ") decision denying him asylum,

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").

We deny the petition for review. Because the parties are familiar with the facts and procedural history of the case, we need not recount them here.

## I

Dougpanya failed to raise his claim of ineffective assistance of counsel before the BIA. Because he failed to exhaust the claim before the agency, we lack jurisdiction to hear the claim and must dismiss it. 8 U.S.C. § 1252(d); *see also Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We . . . require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA.").

## II

We also lack jurisdiction over Dougpanya's claim that the BIA erred in determining that his asylum claim was time-barred. An alien must file an application for asylum "within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). If the application is late, as Dougpanya's is in this case, "the Government may still consider [it] if the applicant establishes (1) changed circumstances that materially affect the applicant's eligibility for asylum or (2) extraordinary circumstances directly related to the

delay in filing an application." *Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011) (citing 8 U.S.C. § 1158(a)(2)(D)).

We may review the BIA's determination about changed or extraordinary circumstances "only with regard to constitutional claims and questions of law." *Gasparyan v. Holder*, 707 F.3d 1130, 1133 (9th Cir. 2013). Thus, we may only review "the agency's application of the changed or extraordinary circumstances exception to undisputed facts." *Singh*, 656 F.3d at 1051. Here, the parties dispute the facts underlying the BIA's changed circumstances determination. As a result, we lack jurisdiction to review the BIA's determination that the asylum petition was untimely. 8 U.S.C. § 1158(a)(3).

## III

Dougpanya argues that the BIA erred in its analysis of his withholding claim. Because Dougpanya did not contend before the BIA that he was persecuted on account of political opinion, we lack jurisdiction to consider that issue. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that a petitioner who fails to raise an issue before the BIA has failed to exhaust his administrative remedies, which deprives this court of jurisdiction).

Dougpanya did argue he would be persecuted as a part of a particular social group. However, unlike the petitioner in *Henriquez-Rivas v. Holder*, 707 F.3d

1081, 1085-86, 1091-93 (9th Cir. 2013) (en banc), Dougpanya has not sufficiently identified a specific social group, with the requisite social visibility, to support a withholding of removal claim. Therefore, the BIA properly denied it.

Dougpanya did not raise CAT relief in his brief to this court and has consequently waived that issue. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

**PETITION DISMISSED IN PART; DENIED IN PART.**